**July 15, 2016**

In re Sheri Speer, No. 3:15-cv-1853(RNC)

  Bankruptcy debtor Sheri Speer, proceeding pro se, appeals from an order of the Bankruptcy Court granting a motion by appellee Ocwen Loan Servicing, LLC for relief from the automatic stay for the purpose of pursuing a mortgage foreclosure action against one of Ms. Speer's properties.  After an evidentiary hearing, the Bankruptcy Court determined that Ocwen had standing to seek relief from the automatic stay by virtue of its possession of the original promissory note signed by Ms. Speer, an indorsed-in-blank allonge, and the original mortgage.  For reasons explained below, a remand is necessary.

  To establish standing to seek relief from the automatic stay, a movant must show that he or she "has the right under applicable state law to enforce the mortage."  In re Escobar, 457 B.R. 229, 239 (Bankr. E.D.N.Y. 2011).  "[H]owever, standing should not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien."  Id.

  Under Connecticut law, only a "holder" of an instrument or someone who has the rights of a holder is entitled to enforce the instrument.  Conn. Gen. Stat. § 42a-3-301.  A "holder" is a person or entity in possession of the instrument if the instrument is payable to bearer.  Conn. Gen. Stat. § 42a-1-201(b)(21)(A).  When an instrument is indorsed in blank, it "becomes payable to bearer and may therefore be negotiated by transfer of possession alone."  Conn. Gen. Stat. § 42a-3-205(b). "The production of the note [indorsed in blank] establishes [the bearer's] case prima facie against the makers. . . . It is for the defendant to set up and prove the facts which limit or change the plaintiff's right."  Am. Home Mortg. Servicing, Inc. v. Reilly, 157 Conn. App. 127, 133-34 (2015) (quoting RMS Residential Properties, LLC v. Miller, 303 Conn. 224, 232, 32 A.3d 307, 314 (2011)) (internal quotation mark omitted). Indorsements can be made either on the note itself or on an allonge, "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements."  Black's Law Dictionary (9th ed. 2009).

  In this case, a hearing on Ocwen's motion for stay relief was continued because the Bankruptcy Court wanted to inspect the original loan documents.  At the continued hearing, Ocwen presented Ms. Speer's original note along with an indorsed-in-blank allonge that matches the note with regard to borrower name

and property address.  Ocwen also produced the original mortgage.  On appeal, Ms. Speer argues for the first time that this evidence was insufficient to meet Ocwen's burden because Ocwen did not show that the allonge was attached to the note.  See LB-RPR REO Holdings, LLC v. Nimage Enterprises, LLC, No. CV116003546S, 2015 WL 5975594, at *4 (Conn. Super. Ct. Sept. 14, 2015) ("[A]n allonge which has not been attached to the note in question at any point can[not] serve as an endorsement.").  Ocwen responds that the allonge was attached.  No evidence in the record has been cited or found to permit a determination of whether the allonge was attached to the note at any point.  The absence of evidence is unsurprising because Ms. Speer never suggested to the Bankruptcy Court that the allonge had to be attached.  In the absence of any such argument, the Bankruptcy Court had no occasion to determine whether physical attachment is necessary under Connecticut law, whether the documents Ocwen presented were in fact attached and, if they were not attached, whether the information contained in the allonge could serve as a substitute for physical attachment.  The Bankruptcy Court should have an opportunity to consider these matters and make findings as it deems appropriate.

    Accordingly, the order granting Ocwen relief from the automatic stay is vacated, and the case is remanded for further proceedings.  The Clerk may close the case.

    So ordered.

/s/ RNC  
Robert N. Chatigny  
United States District Judge